IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leviticus Young,<br><br>                          Petitioner,<br><br>v.<br><br>Warden T. James,<br><br>                          Respondent. | C/A No. 8:22-cv-2290-SAL<br><br>**OPINION AND ORDER** |

  *Pro se* petitioner Leviticus Young ("Petitioner"), a state prisoner, filed this habeas corpus action pursuant to 28 U.S.C. § 2254. Respondent filed a motion for summary judgment on October 27, 2022. [ECF No. 22.] This matter is before the court for review of the Report and Recommendation (the "Report") of Magistrate Judge Jacquelyn D. Austin, ECF No. 29, recommending that Respondent's motion for summary judgment be granted and Petitioner's § 2254 petition be denied. Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report. [ECF No. 29-1.] Petitioner has failed to file objections, and the time for doing so has expired.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 29, and incorporates the Report by reference herein. Accordingly, the court hereby **GRANTS** Respondent's motion for summary judgment, ECF No. 22, and **DENIES** the petition, ECF No. 1.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED**.

/s/Sherri A. Lydon_____
The Honorable Sherri A. Lydon
United States District Court Judge

March 28, 2023
Columbia, South Carolina

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."